UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA           CRIM. NO. 3:18CR135(JCH)

v.

ALAN ZALESKI                                   March 12, 2019

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States respectfully submits this memorandum for the sentencing of the defendant Alan Zaleski currently scheduled for March 27, 2019.

I.        INTRODUCTION AND BACKGROUND

On June 27, 2018, the defendant pled guilty to making a false statement, in violation of 18 U.S.C. § 1001.

II.       FACTS AND CIRCUMSTANCES OF DEFENDANTS' CONDUCT

The defendant faces 5 years' imprisonment, three years of supervised release, a fine, and a $100 special assessment.   As set forth in the presentence report ("PSR"), the U.S. Probation Office has concluded that the defendant's total offense level is 6 and his imprisonment range is 0 to 6 months.   Finally, the government agrees with the offense conduct outlined in paragraphs 8-27 of the PSR.

III. Discussion

A. Determining an Appropriate Sentence Post-Booker

Although the Sentencing Guidelines are no longer mandatory, they must be considered by the Court along with the other factors listed in 18 U.S.C. § 3553(a).   *United States v. Booker*, 543 U.S. 220, 260-61 (2005); *United States v. Crosby*, 397 F.3d 103, 110 (2d Cir. 2005); *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)("district courts must begin their analysis with the

Guidelines and remain cognizant of them throughout the sentencing process"). Ultimately, a district court's sentence is reviewed for reasonableness. *Booker*, 543 U.S. at 260-61; *Crosby*, 397 F.3d at 114-15. Reasonableness is a flexible concept and district courts are given latitude in their exercise of discretion to fashion an appropriate sentence, even a non-Guidelines sentence. *See United States v. Jones*, 460 F.3d 191 (2d Cir. 2006).

The Second Circuit has instructed district judges to consider the Guidelines "faithfully" when sentencing. *Crosby*, 397 F.3d at 114.   The fact that the Sentencing Guidelines are no longer mandatory does not reduce them to "a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." *Crosby*, 397 F.3d at 113. Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46, district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49; *Kimbrough v. United States*, 552 U.S. 85, 107 (2007). The Second Circuit has "recognize[d] that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006); *see also Kimbrough*, 552 U.S. at 89 ("We have accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'") (*quoting Rita v. United States*, 551 U.S. 338, 350 (2007)).

In this case, the sentence should reflect the considered judgment of the Sentencing Commission, "an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider," *United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir.

2006), and is "based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46.

    B.   <u>The Section 3553 Factors</u>

    Under 18 U.S.C. § 3553(a), the sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."   The statute then provides that "[t]he court, in determining the particular sentence to be imposed, shall consider:"

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed—

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; and

        (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];

    (5)    any pertinent policy statement [issued by the Sentencing Commission];

    (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

      (7)          the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

      The defendant's criminal conduct in this matter involves a very serious offense, which weighed in view of the factors set forth in § 3553(a), support a sentence commensurate with the criminal conduct.   *See* 18 U.S.C. § 3553(a)(4) (Court shall consider the sentence applicable under the Guidelines).

      1.    <u>The Nature and Circumstances of the Offense</u>

      By engaging in the criminal conduct in this matter, the defendant committed a very serious crime.    As the Court is well aware, the conduct engaged in by the defendant undermined the Court and U.S. Probation office.    As such, the defendant's conduct is extremely serious.

      2.    <u>The Defendant's History and Characteristics</u>

      As the PSR states, the defendant had a stable and positive childhood and he is in relatively good physical and mental health.   Notably, the PSR distinguishes him from many individuals who appear before this Court and this should be factored into an appropriate sentence for the defendant.

      3.    <u>The Sentence Must Promote Respect for the Law</u>

      The sentence in this case must reflect the seriousness of the offense, promote public respect for the law, and demonstrate that as a society we treat very seriously crimes involving making false statements to the Court. Thus, the sentence should rebut the commonly expressed sentiment that it is acceptable to engage in such conduct without any real consequences including a sentence of imprisonment.

4. <u>The Court Should Consider General Deterrence</u>

One of the factors the Court must consider in imposing sentence is the need for the sentence to "afford adequate deterrence to criminal conduct."   18 U.S.C. § 3553(a)(2)(B).   General deterrence is an especially important goal in sentencing for criminal fraud offenses, because they can be used as a way to deter other similarly situated people from engaging in similar conduct.

In addition, the criminal conduct involved making false statements to the Court and U.S. Probation office.   Consequently, the sentence needs to serve as a general deterrence to others who may choose to ignore the law by placing their goals ahead of their legal obligations.   Such a sentence will further send a message to those who are being supervised by the Court and Probation or who are contemplating doing the same, that there will be substantial punishment for engaging in such conduct.   A sentence that does not account for general deterrence sends the wrong message.   As such, the sentence in this case should deter like-minded individuals and send a strong message that such criminal activity and flagrant disregard of the law will not be tolerated by this Court. *See* 18 U.S.C. § 3553(a)(2)(B).

V.      CONCLUSION

The Government respectfully requests that the Court impose a sentence consistent with the

factors outline in section 3553(a).

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Douglas P. Morabito*

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT20962
157 Church Street; 23rd Floor
New Haven, Connecticut   06510
(203) 821-3810
Douglas.morabito@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2019 a copy of the foregoing Government's
Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept
electronic filing.   Notice of this filing will be sent by e-mail to all parties by operation of the
Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated
on the Notice of Electronic Filing.   Parties may access this filing through the Court's CM/ECF
System.

/s/ *Douglas P. Morabito*

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar Number: CT20962
157 Church Street, 23rd Floor
New Haven, CT 06510
(203) 821-3700